IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| E'YEN CARNAIL, | ) | CASE NO. 1:02CV1411 |
| | ) | |
| Petitioner, | ) | JUDGE WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE HEMANN |
| | ) | |
| MARGARET BAGLEY, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before

the court is E'Yen Carnail's ("Carnail") petition for a writ of habeas corpus filed pursuant

to 28 U.S.C. § 2254 on July 22, 2002 (Docket #1). Carnail is in custody of the Ohio

Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the

case of *State of Ohio v. Carnail*, Case No. CR 372072 (Cuyahoga County 1999). For the

reasons set forth below, the magistrate judge recommends that the petition be denied.

I

On January 12, 1999 Carnail gave a statement at the East Cleveland Police

Department concerning Carnail's relationship with his two minor female cousins, ages six

and nine. At this time Carnail signed the following written statement:

Q. What can you relate to me regarding incidents that took place between the
dates of 12/19/98 and 12/24/98, at 1632 Elberon, which is located in the City Of
East Cleveland, State of Ohio, County of Cuyahoga?
A. My two little cousins Jalila and Jada Stoudmire were over at my house for a few
days before Christmas and on Tuesday or Wednesday while they were there, I was

playing with the girls when they came up to the attic. I had picked up Jada and intentionally put my hand on her vagina, over her clothes. I put [her] on the bed and pulled her pants down in front. I then pulled her panties down too and licked her bare vagina with my tongue. I was feeling sexually aroused when I did this but I stopped quickly when I heard Jalila coming up the steps so I let Jada go. She then ran off and Jalila came in and I picked her up and felt her bare vagina with my hand. When I put Jalila down, [s]he looked at me like she knew I did something wrong. I just gave her a light tap with my foot to play it off.

Later, when I was in the car with Jalila at the hospital, I told her not to tell anyone that I had touched her private parts because I could get into trouble. I really am sorry that this happened and I really want to get help for this.

State's Exhibit Motion 2, Transcript of Proceedings ("Transcript"), Return of Writ ("Return"), Exh. 51, p. 1.

The January 1999 term of the Cuyahoga County grand jury indicted Carnail on four counts of rape, two counts of kidnaping with sexual motivation specifications, and one count of gross sexual imposition. All seven counts included sexually violent predator specifications. On February 24, 1999 Carnail filed a motion to suppress all evidence obtained as a result of the police interrogation, including his written confession. On May 3, 1999 Carnail pleaded guilty to two counts of rape as amended to delete the sexually violent offender specifications. The remaining five counts were dismissed. Also as part of his plea Carnail agreed to be classified as a sexual predator.

At Carnail's sentencing hearing on June 8, 1999 he moved to withdraw his guilty plea. Carnail's motion to withdraw his guilty plea was granted on September 2, 1999. Carnail filed a pro se motion to suppress his confession, and then the court appointed new counsel. On October 27, 1999 Carnail again filed a motion to suppress any oral or written statements made by Carnail at the police interrogation. A hearing on Carnail's motion to suppress was conducted on November 3, 1999. The court denied Carnail's motion.

2

On November 3, 1999 Carnail pleaded guilty to two counts of rape as amended to delete the sexually violent offender specifications. The remaining five counts were dismissed. Also as part of the plea Carnail agreed to be classified as a sexual predator. The following occurred during the plea colloquy:

THE COURT: Mr. Carnail, have you heard what your attorney and the prosecutor said?
THE DEFENDANT: Yes, sir.
THE COURT: Do you have any questions about the proposed plea, sir?
THE DEFENDANT: Not right now. I mean no.
THE COURT: How old are you?
THE DEFENDANT: 35.
THE COURT: How far in school did you go?
THE DEFENDANT: Ninth grade.
THE COURT: Are you presently under the influence of alcohol or drugs?
THE DEFENDANT: No, I'm not.
THE COURT: Are you undergoing psychiatric treatment?
THE DEFENDANT: No, I'm not[.]
THE COURT: No guilty plea is effective until you state the plea yourself in open court and I accept that plea. Before I ask you to enter a plea, however, I must by law ask you a series of questions to determine if you understand the affect [sic] of your plea and to determine whether your plea is made knowingly, voluntary and intelligently. . . .
THE COURT: Also, there is also a stipulation you would be designated a sexual predator. That requires you to register with the county -- with the sheriff in the county in which you reside, every 90 days, your resident address verification; do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: There will be further a community notification as well, do you understand that?
THE DEFENDANT: Yes.
THE COURT: Do you understand if you plead guilty to counts one and two as amended, that is an admission by you that you did these crimes?
THE DEFENDANT: Yes. . . .
THE COURT: You satisfied with the representation of your lawyer?
THE DEFENDANT: Yes. . . .
THE COURT: Have any threats or promises been made to you to induce this plea, other than what is stated here in open court.
THE DEFENDANT: No.
THE COURT: Having said that, how do you plead to count one as amended, rape

3

of a minor, of Jalila Stoudmire, being under the age of 13 years, deleting the sexual violent predator specification from that indictment. How do you plead to count one?
THE DEFENDANT: Guilty.
THE COURT: How do you plead to count two charging you with rape, deleting the sexually violent predator specification, engaging in sexual conduct with Jada Stoudmire, a person under the age of 13 years, how do you plead to that?
THE DEFENDANT: Guilty.
THE COURT: Let the record reflect the defendant pled guilty. The Court accepts it and finds the pleas are made knowingly, voluntary, and intelligently.

Transcript, Return, Exh. 51, p. 89-94.

Carnail was sentenced to two concurrent life sentences on November 3, 2002.

Carnail failed to file timely a direct appeal. On February 22, 2000 Carnail timely filed a

petition to vacate or set aside sentence in the trial court. Carnail claimed violations of his

Fifth and Fourteenth Amendment rights. Specifically, Carnail claimed that his counsel

provided ineffective assistance by failing to request a motion to suppress and failing to

produce witnesses. The trial court denied Carnail's petition on May 15, 2000.

On June 9, 2000 Carnail filed a timely appeal of the judgment of the trial court

denying his petition. Carnail asserted three assignments of error:

I.    APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S FAILURE TO ADEQUATELY PREPARE FOR TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

II.   APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO REQUEST A MOTION TO SUPPRESS AND FAILED TO PRODUCE WITNESSES IN VIOLATION OF APPELLANT'S FIFTH AND FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION.

III.  APPELLANT WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S COERCIVE TACTICS TO EXTRACT A GUILTY PLEA FROM APPELLANT DENYING HIM HIS RIGHT TO A FAIR TRIAL

4

AND DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

The appellate court overruled Carnail's three assignments of error on February 26, 2001.

Carnail filed a timely appeal of the appellate court's judgment to the Ohio Supreme

Court on March 19, 2001.  Carnail presented four propositions of law in his memorandum

in support of jurisdiction:

Proposition of Law No. 1: APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S FAILURE TO ADEQUATELY PREPARE FOR TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Proposition of Law No. 2: APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO PRODUCE WITNESSES IN BEHALF OF APPELLANT AFTER BEING INSTRUCTED TO DO SO IN VIOLATION OF APPELLANT'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.

Proposition of Law No. 3: APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO FILE A NOTICE OF APPEAL DENYING HIM HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS.

Proposition of Law No. 4: THE COURT OF APPEALS ABUSED ITS DISCRETION IN ITS UPHOLDING OF THE TRIAL COURT'S [SIC] DECISION BY NOT FINDING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, via FAILURE TO INTERVIEW WITNESSES, AND COERCIVE TACTICS ARE WITHIN THE PEURVIEW [SIC] OF REASONABLE REPRESENTATION IN VIOLATION [OF] APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS.

The Ohio Supreme Court denied Carnail leave to appeal and dismissed the appeal as not

involving any substantial constitutional question on May 23, 2001.

On December 4, 2000 Carnail filed a pro se motion for delayed appeal and a notice

of appeal in the appellate court.  The appellate court granted Carnail's motion to file a

5

delayed appeal. Carnail asserted two assignments of error in his pro se brief:

> ASSIGNMENT OF ERROR NO. I: THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PROCEEDED TO ACCEPT APPELLANT'S GUILTY PLEA, WITHOUT HAVING JURISDICTION TO DO SO IN VIOLATION OF APPELLANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATE CONSTITUTION, ARTICLE I SECTIONS 5, 10 AND 16 OF THE OHIO CONSTITUTION[,] CRIMINAL RULE 23(A), AND § 2945.05 OF THE OHIO REVISED CODE DEPRIVING APPELLANT OF HIS RIGHT TO DUE PROCESS OF LAW, TRIAL BY JURY AND A FAIR TRIAL.

> ASSIGNMENT OF ERROR NO. II: THE TRIAL COURT COMMITTED REVERSIBLE ERROR OF LAW IN FINDING APPELLANT TO BE A SEXUAL PREDATOR PURSUANT TO R.C. § 2950.01 IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.

After Carnail filed his brief the state appointed counsel for his direct appeal. Carnail filed

another brief raising three assignments of error:

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A PLEA FROM THE APPELLANT WHEN THE APPELLANT WAS NOT FULLY INFORMED AS TO ALL THE CONSEQUENCES OF SAID PLEA AND IN FAILING TO ADEQUATELY INQUIRE WHETHER APPELLANT'S PLEA WAS ENTERED VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY.

2. THE TRIAL COURT ERRED IN ACCEPTING THE STIPULATION OF THE PARTIES THAT THE DEFENDANT-APPELLANT BE DESIGNATED AS A "SEXUAL PREDATOR" FOR CLASSIFICATION AND REGISTRATION PURPOSES, BY NOT MAKING THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MANDATED BY O.R.C. 2905.09, ET SEQ.

3. THE DEFENDANT-APPELLANT['S] TRIAL [COUNSEL] RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AND DEPRIVED HIM OR HIS RIGHT TO DUE PROCESS OF LAW BY STIPULATING TO A FINDING BY THE TRIAL COURT THAT CARNAIL WAS DEEMED TO BE A "SEXUAL PREDATOR" FOR CLASSIFICATION AND REGISTRATION PURPOSES PURSUANT TO O.R.C. 2950.09.

On June 19, 2001 Carnail filed an objection to the conduct of appellate counsel for not

6

raising the assignments of error that Carnail raised in his pro se brief. On July 19, 2001 Carnail filed a motion to preserve Carnail's pro se brief and assignments of error or, in the alternative, to re-submit his pro se brief. On October 10, 2001 Carnail's motion to preserve his assignments of error was granted. On November 27, 2001 the appellate court overruled all of Carnail's assignments of error.

Carnail filed an application for reconsideration on November 16, 2001. Carnail's application was denied on November 27, 2001.

On December 14, 2001 Carnail filed a notice of appeal in the Ohio Supreme Court. Carnail asserted three propositions of law in his memorandum in support of jurisdiction:

PROPOSITION OF LAW NO. I: THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PROCEEDED TO ACCEPT APPELLANT'S GUILTY PLEA WHERE IT LACKED JURISDICTION SUBJECT MATTER TO DO SO PURSUANT TO R.C. § 2945.05 AND CRIM.N.R. [SIC] 23(A) DEPRIVING APPELLANT HIS RIGHT TO DUE PROCESS OF LAW, TRIAL BY JURY AND A FAIR TRIAL.

PROPOSITION OF LAW NO. II: THE TRIAL COURT COMMITTED REVERSIBLE ERROR OF LAW IN FINDING APPELLANT TO BE A SEXUAL PREDATOR PURSUANT TO R.C. § 2950.01 IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.

PROPOSITION OF LAW NO. III: COURT APPOINTED COUNSEL, DONALD BUTLER, RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL AND DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY ALLOWING APPELLANT TO STIPULATE TO BEING CLASSIFIED AS A "SEXUAL PREDATOR" FOR CLASSIFICATION AND REGISTRATION PURPOSES CONTRARY TO R.C. § 2950.09.

The Ohio Supreme Court denied Carnail leave to appeal and dismissed the appeal as not involving any substantial constitutional question on March 4, 2002.

On July 22, 2002 Carnail timely filed a petition for a federal writ of habeas corpus

7

("petition"; Docket #1), raising seven grounds for relief:

**GROUND ONE:** THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PROCEEDED TO ACCEPT PETITIIONERS [SIC] GUILTY PLEA WHERE IT LACKED SUBJECT MATTER [JURISDICTION] TO DO SO PURSUANT TO R.C. 2945.05 AND CRIM. R. 23(A) DEPRIVING PETITIONER OF HIS RIGHTS TO DUE PROCESS OF LAW, TRIAL BY JURY AND A FAIR TRIAL.

**GROUND TWO:** THE TRIAL COURT COMMITTED REVERSIBLE ERROR OF LAW IN FINDING PETITIONER TO BE A SEXUAL PREDATOR PURSUANT TO R.C. 2950.01 IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION[S].

**GROUND THREE:** COURT APPOINTED COUNSEL, DONALD BUTLER RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL AND DEPRIVED PETITIONER OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY ALLOWING PETITIONER TO STIPULATE TO BEING CLASSIFIED AS A "SEXUAL PREDATOR" FOR CLASSIFICATION AND REGISTRATION PURPOSES CONTRARY TO R.C. 2950.09.

**GROUND FOUR:** THE PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSELS [SIC] FAILURE TO ADEQUATELY PREPARE FOR TRIAL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**GROUND FIVE:** PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSELS [SIC] FAILURE TO PRODUCE WITNESSES IN BEHALF OF APPELLANT AFTER BEING INSTRUCTED TO DO SO IN VIOLATION OF PETITIONERS [SIC] FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.

**GROUND SIX:** PETITIONER WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSELS [SIC] COERCIVE TACTICS TO EXTRACT A GUILTY PLEA FROM PETITIONER AND HIS FAILURE TO FILE A NOTICE OF APPEAL DENYING HIM HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS.

**GROUND SEVEN:** THE COURT OF APPEALS ABUSED ITS DISCRETION IN ITS UPHOLDING OF THE TRIAL COURTS [SIC] DECISION BY NOT FINDING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, VIA TRIAL COUNSEL NEED NOT REVEAL TRIAL STRATEGY, FAILURE TO INTERVIEW WITNESSES, AND

8

COERCIVE TACTICS ARE WITHIN THE PURVIEW OF REASONABLE REPRESENTATION IN VIOLATION OF PETITIONERS [SIC] SIXTH AND FOURTEENTH AMENDMENT RIGHTS.

Respondent filed a Return of Writ (Docket #10) on March 11, 2003. Petitioner filed a

Traverse on April 2, 2003. Thus, the petition is ready for decision.

II

A.    *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective

jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d). Carnail was sentenced by the Court of Common Pleas of

Cuyahoga County, Ohio. Carnail filed his writ of habeas corpus in the Northern District of

Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C.

§ 2254.

Respondent concedes this court's jurisdiction as to grounds one, three, four, five,

and six. Respondent, however, claims that this court lacks jurisdiction as to grounds two

and seven.

2.    *Jurisdiction as to ground two*

Respondent asserts that "state sexual predator registration statutes do not result

in the 'custody' of the individual required to register" and, therefore, ground two does not

9

raise a constitutional claim pursuant to the habeas corpus statute. Return, p. 20.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although "the classification of a sex offender as a sexual predator is a collateral disability resulting from a conviction and thus does not satisfy the 'in custody' requirement of federal habeas corpus," *Thomas v. Morgan*, 109 F. Supp. 2d 763, 767 (N.D. Ohio 2000), the voluntariness of a plea agreement does invoke federal habeas corpus jurisdiction. *See Marshall v. Lonberger*, 459 U.S. 422, 431 (1983); *Blackledge v. Perry*, 417 U.S. 21, 29-30 (1974) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Carnail does not claim that his classification as a sexual predator has violated his constitutional rights. Rather he claims that the plea agreement in which he stipulated to the classification of sexual predator was not entered into voluntarily. That is enough to give this court jurisdiction. This court, therefore, has jurisdiction as to ground two and will examine the merits of this ground in section III.

### 2. Jurisdiction as to claim seven

Respondent asserts that this court lacks jurisdiction as to ground seven because "[t]his federal court may not determine if the Court of Appeals 'abused its discretion' in reaching its decision" to deny Carnail's petition to vacate or set aside sentence. Return, at 21.

"The United States District Courts do not, of course, sit as appellate courts to review

10

the use or abuse of discretion of the state courts . . . ." *Bloss v. State of Michigan*, 421 F.2d 903, 906 (6th Cir. 1970). When the abuse of discretion results in a violation of the petitioner's constitutional rights, however, District Courts have jurisdiction to review the claim. *Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995).

Federal courts construe a petitioner's claim that state courts abused their discretion as a constitutional claim by examining the underlying issue. *See id.* (construing the petitioner's claim that state courts abused their discretion in denying defendant's motion to withdraw a waiver of trial as a claimed violation of the petitioner's constitutional right to a trial by jury); *Cox v. Rose*, 386 F. Supp. 533, 535 (E.D. Tenn. 1975) (construing the petitioner's claim that the trial court abused its discretion in denying the petitioner's motion for a continuance as a claim that the petitioner was denied his constitutional right to a fair trial); *Fitzgerald v. Withrow*, 1999 WL 33510126, *9 (E.D. Mich. Mar. 15, 1999) (construing the petitioner's claim that the trial court abused its discretion in denying his motion to withdraw his waiver of jury as a claim that the petitioner was denied his constitutional right to a trial by jury). The underlying claim in Carnail's seventh ground for relief is his claim of ineffective assistance of counsel due to counsel's failure to investigate and counsel's tactics in coercing Carnail into accepting the guilty plea. Because Carnail raises these claims in grounds four, five and six and because this court examines the merits of these claims in section III, there is no need to construe the underlying claims as a separate constitutional claim. Carnail's seventh ground for relief is, therefore, moot.

This court has jurisdiction as to Carnail's first six grounds for relief but, for the reasons mentioned above, the magistrate judge recommends that Carnail's seventh

11

ground for relief be dismissed as moot.

B.     *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All Carnail's claims involve legal issues which can be independently resolved without additional factual inquiry.

C.     *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-

83 (6th Cir. 1990).

Carnail has exhausted direct appeals for all his claims. No state procedures for relief remain available to him for any of his claims. Because Carnail has no remaining state remedies available, his state claims are exhausted.

D.    *Procedural default*

Respondent argues that Carnail has procedurally defaulted a portion of ground six. Procedural default occurs when a petitioner fails to present fairly his or her constitutional claims to the highest state court in a federal constitutional context. *Anderson*, 489 U.S. 4; *Picard*, 404 U.S. 270. Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If the state argues that a petitioner has procedurally defaulted a claim, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely

13

to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence . . . ." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Respondent argues that Carnail has procedurally defaulted the portion of his sixth ground for relief which claims that his counsel was ineffective because counsel failed to file a notice of appeal. Respondent claims that Carnail failed properly to present this claim to the Ohio Supreme Court. Carnail raised this claim twice in the Ohio courts, once in his appeal of the trial court's decision to deny his petition to vacate or set aside sentence and once in his appeal to the Ohio Supreme Court of the appellate court's denial of relief in Carnail's delayed direct appeal. Carnail failed properly to raise this claim on both occasions.

Carnail raised his claim of ineffective assistance of counsel for failure to file a notice of appeal when Carnail appealed the trial court's decision to deny his petition to vacate or set aside sentence. But Carnail failed to appeal to the Ohio Supreme Court the appellate court's decision to overrule this assignment of error. When Carnail appealed the appellate court's decision denying him relief on delayed appeal, he raised in the Ohio Supreme Court

14

his claim of ineffective assistance of counsel for failure to file a notice of appeal. Carnail failed to raise this claim, however, in the appellate court. The Ohio Supreme Court will not consider a criminal constitutional question that was not properly presented to the appellate court. *State v. Williams*, 51 Ohio St. 2d 112, 117, 364 N.E.2d 1364, 1367 (1977), *rev'd on other grounds*, 438 U.S. 911 (1978); *see also City of Toledo v. Reasonover*, 5 Ohio St. 2d 22, 25, 213 N.E.2d 179, 181 (1965) ("The Supreme Court [of Ohio] will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court."). Although an incorrect procedural route may be forgiven when a court rules on the merits of the claim, *Harding v. Russell*, 2001 WL 1254823, *4 (6th Cir. 2001), the Ohio Supreme Court is not considered to have ruled on the merits when the court dismisses the appeal as not involving any substantial constitutional question, as it has done here. *Jamison v. Collins*, 100 F. Supp. 2d 521, 554-55 (6th Cir. 1998).

Carnail does not claim that Ohio does not enforce the rule requiring a petitioner to raise a claim in the appellate court before the Ohio Supreme Court will consider the claim. This rule is an independent and adequate state ground which bars this court's consideration of Carnail's claim. *See Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985). Because Carnail's claim of ineffective assistance of trial counsel due to counsel's failure to file a direct appeal was not properly presented to the Ohio Supreme Court, this claim has been procedurally defaulted.

"A habeas petitioner can only overcome procedural default in two instances. First, he can demonstrate cause for the procedural default and actual prejudice resulting from

15

the alleged constitutional error . . . . Alternatively, a defendant can show that failure to consider the claim will result in a fundamental miscarriage of justice." *Gall v. Parker*, 231 F.3d 265, 316 (6th Cir. 2000) (citations omitted). Carnail does not demonstrate cause and prejudice for his failure to raise his claim of ineffective assistance of counsel nor show that failure to consider this claim will result in a fundamental miscarriage of justice.[1] For these reasons, the magistrate judge recommends that the court dismiss as procedurally defaulted the portion of Carnail's sixth ground for relief regarding his claim of ineffective assistance of counsel for failure to file a direct appeal.

III

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant

---

[1]     In *Massaro v. United States*, ___ U.S. ___, 123 S.Ct. 1690, 1696 (2003), the Supreme Court held that a petitioner for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2255 may properly raise a claim of ineffective assistance of counsel as a ground for habeas relief even if the petitioner failed to bring that claim on direct appeal. The Court cited judicial economy as justifying the new rule, as petitioners would not need to raise possibly unmeritorious claims to preserve them for collateral review. The Court also noted that under the new rule the district court in which the petitioner's case was heard and which had an opportunity to observe counsel's performance would be the first court to judge the claim that counsel's assistance was ineffective.

The rule of *Massaro* is inapplicable to claims brought pursuant to 28 U.S.C. § 2254. In such cases, the federal court hearing the habeas petition has not observed counsel's performance, so it has no advantage over state appellate courts in that regard. Moreover, petitions brought pursuant to 28 U.S.C. § 2254 raise questions of comity not present in petitions brought pursuant to 28 U.S.C. § 2255. Comity dictates that state courts be given the first opportunity to review state proceedings and correct possible errors.

to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000); *Miller v. Francis*, 269 F.3d 609, 613-14 (6th Cir. 2001). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id.* The magistrate judge will consider Carnail's remaining claims under the deferential standard of review accorded the state court's determination of a prisoner's constitutional claims.

A.    Ground one: Denial of due process resulting from the Ohio court's failure to follow Ohio rules

In ground one Carnail claims that the trial court was without jurisdiction to accept his plea pursuant to Ohio Rev. Code § 2945.05 and Ohio Crim. R. 23(A) and that the appellate courts failed to overrule the trial court's decision. In essence, Carnail claims that the trial court was without jurisdiction to accept his guilty plea because he did not waive his right

17

to a trial by jury in writing. Petitioner denies this claim.

Usually, the only inquiry into a conviction resulting from a guilty plea is confined to issues of ineffective assistance of counsel and the voluntariness of the plea itself. *United States v. Broce*, 488 U.S. 563, 569 (1989). "There are exceptions [, however,] where on the face of the record the court had no power to enter the conviction or impose the sentence." *Id.*

Ohio Rev. Code § 2945.05 provides:

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, [sic] shall be in writing, signed by the defendant, and filed in said cause and made part of the record thereof.

Ohio Crim. R. 23(A) states that "[i]n serious offense cases the defendant before commencement of trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury." The Ohio Supreme Court stated that

[t]he provisions of Section 2945.05, Revised Code, requiring the filing of a written waiver of a trial by jury are not applicable where a plea of guilty is entered by an accused. The failure in such an instance to file a waiver does not deprive an accused of any constitutional rights nor does it deprive the court of its jurisdiction.

*Martin v. Maxwell*, 175 Ohio St. 147, 191 N.E.2d 838 (1963). "A plea of guilty is in itself a waiver of a trial by jury." *Matey v. Sacks*, 284, F.2d 335, 338 (6th Cir. 1960). Further, "although Ohio law may provide for a written waiver of jury trial upon entrance of a guilty plea, see O.R.C. § 2945.05, failure to comply with same is not a federal constitutional violation." *Humphries v. Green*, 397 F.2d 67, 69 (6th Cir. 1968) (citing *McCord v. Henderson*, 384 F.2d 135, 137 (6th Cir. 1967)).

Because a written waiver is not required in instances involving a guilty plea and

18

because even if a written waiver were required a violation of this requirement would not be a federal constitutional violation, Carnail's due process rights were not violated by the state's failure to obtain a waiver of a jury trial in writing. For these reasons, the magistrate judge recommends that the court overrule Carnail's first ground for relief.

B.    *Ground two: Denial of due process resulting from involuntary guilty plea*

In ground two Carnail claims that the plea agreement classifying Carnail as a sexual predator was not knowingly and voluntarily made. Specifically Carnail claims that he was not fully informed of the consequences of being classified as a sexual predator and that he was not informed that a hearing conducted by the trial court was required to classify a defendant as sexual predator. Respondent denies this claim.

For a guilty plea to be valid it must not only be voluntary but it must also be a "knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Voluntariness must be determined by considering all of the relevant circumstances surrounding the guilty plea. *Brady*, 397 U.S. at 749.

The state has the burden of showing that the plea was voluntary and intelligent. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993) (citing *Boykins*, 395 U.S. at 238). "[T]he state generally satisfies its burden by producing a transcript of the state court proceeding" unless the transcript is inadequate. *Id.* at 326-27.

1.    *Involuntary plea and full knowledge of the consequences of a sexual predator classification*

One circumstance to be considered in determining the voluntariness of a guilty plea

19

is the plea colloquy that occurs between the court and the defendant before the court accepts the defendant's guilty plea. *See Baker v. United States*, 781 F.2d 85, 88 (6th Cir. 1986). Carnail was informed by the trial judge at the sentencing hearing of the consequences of agreeing to the sexual predator classification, including the registration and verification requirements and the existence of community notification. Because Carnail was fully informed of the consequences of including the sexual predator classification in his guilty plea, his acceptance of the classification in his plea was voluntary, knowing and intelligent. Thus, the colloquy between the Carnail and the court at Carnail's sentencing demonstrate that Carnail's claim that he was not fully informed of the consequences of being classified as a sexual predator is without merit.

2. *Involuntary plea and knowledge of the requirements of Ohio Rev. Code § 2950.09(B)*

Ohio Rev. Code § 2950.09(B) provides that the sentencing judge must conduct a hearing to determine whether the defendant is a sexual predator if the offense is not sexually violent, if a sexually violent predator specification was not included in the indictment, or if the defendant was acquitted of the sexually violent predator specification. Carnail pleaded guilty to a sexually violent offense. *See* Ohio Rev. Code §§ 2971.01(G) and 2971.01(L)(1). Thus, he was not entitled to a hearing to determine if he was a sexual predator. Moreover, Carnail explicitly agreed to be classified as a sexually violent predator. When a defendant agrees to be classified as a sexually violent predator as part of a plea, the trial court is not required to conduct a hearing. *State of Ohio v. Wiggins*, 2001 WL 958045, *1 (Ohio Ct. App. Aug. 23, 2001); *see also State of Ohio v. Bolton*, 2000 WL

20

217763, *4 (Ohio Ct. App. Feb. 24, 2000).  Because Carnail was not entitled to a hearing regarding his classification as a sexually violent predator, the magistrate judge recommends that the court overrule Carnail's second ground for relief.

C.    Ground three: Denial of due process due to ineffective assistance of counsel as to the plea agreement

Carnail claims that his counsel was ineffective when he permitted Carnail to stipulate in his plea agreement to the sexual predator classification.  Respondent denies this claim.

*Strickland v. Washington*, 466 U.S. 668, 688 (1984), established the standards by which to review a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

"[I]n order to satisfy the 'prejudice' requirement, [a] defendant [who pleaded guilty] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"Judicial scrutiny of counsel's performance must be highly deferential."  *Strickland*, 466 U.S. at 689.  Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'"  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101

21

(1955)).

In this case Carnail fails to overcome the presumption that the inclusion of the sexual predator classification in the plea agreement was sound strategy. In exchange for the guilty plea on two counts of rape and Carnail's classification as a sexual predator, the prosecutor dropped two counts of rape, two counts of kidnaping and one count of gross sexual imposition and deleted the sexually violent predator specification as to all charges. As a result of the plea agreement Carnail is eligible for parole in ten years rather than receiving the sentence of life without possibility of parole he would have received if convicted on all charges. *See* Ohio Rev. Code §§ 2907.02(B) and 2971.03(A)(2). Such a sentence reduction might easily be considered sound strategy. The court cannot find, therefore, that Carnail's counsel was ineffective for permitting Carnail to accept the sexual predator classification as a portion of his plea.

For these reasons, the magistrate judge recommends that the court dismiss Carnail's third ground for relief.

D.     *Grounds four and five: Denial of due process due to ineffective assistance of counsel resulting from inadequate preparation*

Carnail claims that his counsel was ineffective for failing adequately to investigate or produce witnesses. Respondent denies this claim.

*Strickland*, 466 U.S. at 690-91, stated that

strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less that complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigations. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In an

22

ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

"[W]hen the facts that support a certain potential line of defense are generally known to counsel because of what the defendant said, the need for further investigation may be considerably diminished or eliminated altogether." *Id.* at 691.

In this case Carnail claims that his counsel conducted limited investigation concerning the alleged incidents prior to the hearing on the motion to suppress Carnail's statements. But the trial court's ruling on the admissibility of Carnail's statements about the incident would itself determine whether any of the investigation of the incident were necessary. *See infra.* Conducting limited investigation of the facts concerning the alleged incidents prior to the hearing, therefore, is within the wide range of reasonable representation.

After the court concluded that Carnail's statements were admissible, Carnail's attorney did not render ineffective assistance of counsel by failing to conduct any further investigation prior to the plea. Because of the powerful effect of confessions at trial, *see Bruton v. United States*, 391 U.S. 123, 126-27 (1968); *Arizona v. Fulminante*, 499 U.S. 279, 296, 312, 313 (1991), the conviction rate when a defendant confesses is extremely high. *See* Gordon Van Kessel, *The Suspect as a Source of Testimonial Evidence: A Comparison of the English and American Approaches*, 38 Hastings L.J. 1, 122 (1986) (citing a study that found that the conviction rate in certain cases where the defendant confessed is 40 to 180 percent higher than where the defendant did not confess). Thus, Carnail's attorney did not render ineffective assistance of counsel when he conducted no

23

further investigation and encouraged Carnail to accept the plea.

Carnail's counsel also did not provide ineffective assistance of counsel for failing to produce witnesses. This matter never proceeded to trial, and Carnail was not entitled to a hearing on his classification as a sexual predator. Carnail's attorney, therefore, had no opportunity to produce any witnesses at a trial or hearing. Moreover, Ohio mandates a term of imprisonment of life with a possibility of parole after ten years for the rape of a minor under the age of 13. See Ohio Rev. Code §§ 2907.02(B) and 2967.13(A)(5). The production of witnesses at a sentencing hearing, therefore, could not have affected the judge's ultimate sentence. Thus, Carnail's attorney did not render ineffective assistance of counsel for failure to produce witnesses.

For these reasons, the magistrate judge recommends that the court overrule Carnail's fourth and fifth grounds for relief.

E.     *Ground six: Denial of due process due to ineffective assistance of counsel for coercing Carnail to plead guilty*

Carnail claims that his counsel was ineffective for coercing Carnail into accepting a guilty plea. Specifically, Carnail claims that his attorney insisted that Carnail accept the plea because of Carnail's statements to the police. Carnail further claims that his attorney induced Carnail into accepting the plea by threatening Carnail with false representations that a conviction on all counts would result in a sentence of life without possibility of parole and that if the matter went to trial and he were convicted, Carnail would be barred from appealing the decision. Respondent denies this claim.

As already noted, Carnail must overcome the presumption that his attorney's actions

24

under the circumstances of Carnail's case were sound strategy. The high rate of conviction when a defendant's confession is admitted as evidence makes an attorney's advice to accept a significant reduction in sentence in return for pleading guilty sound strategy. Carnail's attorney did not render ineffective assistance of counsel for proffering such advice to Carnail.

Carnail's attorney also was not ineffective for advising Carnail that Carnail could potentially be sentenced to life in prison without possibility of parole if convicted on all charges. If Carnail were convicted on all charges, including the sexually violent predator specifications, the mandatory sentence would have been life without parole. *See* Ohio Rev. Code §§ 2907.02(B) and 2971.03(A)(2). Presenting Carnail with the worst case scenario is not ineffective assistance of counsel. *See Baker v. United States*, 781 F.2d 85, 91 (6th Cir. 1986) (finding that counsel's advice "simply detailing the worst case scenario" would not be inappropriate). "In fact, counsel for defendant might well have been remiss had he not informed [the defendant] of the maximum sentence possible . . . ." *Id.*

The court should not hear Carnail's claim that counsel threatened him. "[A] defendant must be bound to the answers he provides during a plea colloquy." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Carnail told the judge during the plea colloquy that his plea was not induced by any threats. Carnail cannot now claim that he was, in fact, induced to plead guilty by his attorney's threats.

For these reasons, the magistrate judge recommends that the court overrule Carnail's sixth ground for relief.

IV

For the above reasons, the magistrate judge recommends that the court dismiss

Carnail's petition for a writ of habeas corpus.

Date: 5/13/2003         /s/Patricia A. Hemann
                        Patricia A. Hemann
                        United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985) reh'g denied, 474 U.S. 1111 (1986).

26