IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------- :
E'YEN CARNAIL :
: CASE NO. 1:02CV1411
Petitioner, :
:
-vs- :
:
: <u>ORDER ADOPTING REPORT AND</u>
: <u>RECOMMENDATION AND</u>
MARGARET BAGLEY, Warden : <u>DISMISSING THE PETITION WITHOUT</u>
: <u>FURTHER PROCEEDINGS</u>
Respondent. :
---------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Proceeding <u>pro se</u>, petitioner E'Yen Carnail brings a habeas corpus petition, pursuant to 28 U.S.C. § 2254.  The case was referred to United States Magistrate Judge Patricia A. Hemann for a Report and Recommendation ("R&R").  Magistrate Judge Hemann considered the petition, respondent's return of writ, and petitioner's traverse.  In her R&R, Magistrate Judge Hemann finds this Court has jurisdiction to hear the <u>pro se</u> petitioner's constitutional claims; however, she finds the claims are both procedurally defective and insufficient on the merits.  Accordingly, she recommends this Court dismiss the petition without further proceedings.

Under Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636 (b)(1)(C), this Court reviews *de novo* the portion of the Magistrate Judge's report and recommendation to which specific objections were made. Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). On 3 June 2003, Mr. Carnail filed timely objections to the Magistrate Judge's R&R (Docket # 17) predicated on the seven grounds for relief he used in his petition before Magistrate Judge Hemann.[1]

---

[1]

**GROUND ONE:** THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PROCEEDED TO ACCEPT PETITIONERS GUILTY PLEA WHERE IT LACKED SUBJECT MATTER [JURISDICTION] TO DO SO PURSUANT TO R.C. 2945.05 AND CRIM.R.23(A) DEPRIVING PETITIONER OF HIS RIGHTS TO DUE PROCESS OF LAW, TRIAL BY JURY AND A FAIR TRIAL.
**GROUND TWO:** THE TRIAL COURT COMMITTED REVERSIBLE ERROR OF LAW IN FINDING PETITIONER TO BE A SEXUAL PREDATOR PURSUANT TO R.C.2950.01 IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS GUARANTEED BY THE UNITED STATES AND OHIO CONSITUTION[S].
**GROUND THREE:** COURT APPOINTED COUNSEL, DONALD BUTLER RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL AND DEPRIVED PETITIONER OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY ALLOWING PETITIONER TO STIPULATE TO BEING CLASSIFIED AS A "SEXUAL PREDATOR" FOR CLASSIFICATION AND REGISTRATION PURPOSES CONTRARY TO R.C.2950.09.
**GROUND FOUR:** THE PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSELS [SIC] FAILURE TO ADEQUATELY PREPARE FOR TRIAL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
**GROUND FIVE:** PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSELS [SIC] FAILURE TO PRODUCE WITNESSES IN BEHALF OF APPELLANT AFTER BEING INSTRUCTED TO DO SO IN VIOLATION OF PETITIONERS [SIC] FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.
**GROUND SIX:** PETITIONER WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSELS [SIC] COERCIVE TACTICS TO EXTRACT A GUILTY PLEA FROM PETITIONER AND HIS FAILURE TO FILE A NOTICE OF APPEAL DENYING HIM HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND DUE PROCESS.

In his objection, Mr. Carnail asserts the R&R should not be adopted. Petitioner contends the following: 1) petitioner's second ground for relief is cognizable because classification as a sexual predator violated his constitutional rights; 2) he has shown both cause and prejudice as to why this claim was not properly exhausted; 3) the guilty plea is invalid because it was not intelligently made and thus was involuntary; 4) counsel's failure to interview witnesses and investigate the charge resulted in ineffective assistance of counsel; 5) trial counsel coerced Mr. Carnail to plead guilty, resulting in a denial of due process; and 6) the seventh ground, pertaining to the court of appeals abuse of discretion in upholding the trial court's determination and not finding ineffective assistance of trial counsel, must be given liberal construction of his pleadings. Petitioner does not address his first ground for relief- lack of subject matter jurisdiction, in his traverse; thus, the Court deems subject matter jurisdiction conceded.

**I.     This court has jurisdiction to hear Mr. Carnail's claims; however, he has procedurally defaulted his sixth ground for relief and his seventh ground for relief is moot.**

    **A) What Mr. Carnail questions in his second ground for relief is the voluntariness of his plea; thus, ground two is within this Court's jurisdiction.**

In his first objection to the Magistrate Judge's R&R, Mr. Carnail claims that ground two for relief is cognizable in a federal habeas corpus because he alleges that

---

**GROUND SEVEN:** THE COURT OF APPEALS ABUSED ITS DISCRETION IN ITS UPHOLDING OF THE TRIAL COURTS [SIC] DECISION BY NOT FINDING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, VIA TRIAL COUNSEL NEED NOT REVEAL TRIAL STRATEGY, FAILURE TO INTERVIEW WITNESSES, AND COERCIVE TACTICS ARE WITHIN THE PURVIEW OF REASONABLE REPRESENTATION IN VIOLATION OF PETITIONERS [SIC] SIXTH AND FOURTEENTH AMENDMENT RIGHTS. (Docket # 14, pp 7-8.)

he was denied Constitutional right under the due process clauses of the federal and Ohio constitutions.  Respondent asserts that "state sexual predator registration statutes do not result in the 'custody' of the individual required to register" and, therefore, ground two does not raise a constitutional claim pursuant to the habeas corpus statute. (R&R pp. 9-10.)

"A district court shall entertain an application for a writ of habeus corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "[T]he classification of a sex offender as a sexual predator is a collateral disability resulting from conviction and thus does not satisfy the 'in custody' requirement of federal habeas corpus, Thomas v. Morgan, 109 F.Supp. 2d 763, 767 (N.D. Ohio 2000); however, "the voluntariness of a plea agreement does invoke federal habeas corpus jurisdiction."  R&R p 10.  *See* Marshall v. Lonberger, 459 U.S. 422, 431 (1983); Blackledge v. Perry, 417 U.S. 21, 29-30 (1974) (citing McMann v. Richardson, 397 U.S. 759, 771 (1970)); Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Mr. Carnail alleges that being classified as a sexual predator violates his constitutional rights.  However, this assertion is invalid: classification as a sexual predator does not satisfy the in custody requirement of a habeas petition.  Thus, this claim can not be examined as such.  Mr. Carnail, however, does provide another basis for the Court to examine this claim.  He asserts his constitutional rights were violated when he agreed to assume the classification of a sexual predator in his plea agreement. Because his second objection relates to the voluntariness of his plea agreement, ground two is within the jurisdiction of this Court.

4

**B) Mr. Carnail has procedurally defaulted his sixth ground for relief and has not properly presented grounds to set aside the default.**

In his second objection, Mr. Carnail contends that although he has procedurally defaulted his federal claim in state court, the claim should not be barred because he has demonstrated both cause and prejudice. (Objection to Magistrate's Report and Recommendation, docket no. 17, p. 2.) "When a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice." Eagle v. Issac, 456 U.S. 107, 129 (1982).

Although Mr. Carnail has exhausted his sixth ground for relief regarding his claim of ineffective assistance of counsel, as the Magistrate Judge properly concluded, a portion of his sixth claim involving his direct appeal is procedurally defaulted. Because he improperly raised his claim in the Ohio Courts on two separate occasions, he failed to properly present his constitutional claim to the highest state court. On the first occasion, as the record indicates, Mr. Carnail appealed the trial court's decision to deny his petition to vacate or set aside sentence and raised the issue of ineffective assistance of counsel, but he failed to appeal to the Ohio Supreme Court. Later, when Mr. Carnail appealed the appellate court's decision to deny him relief on delayed appeal, he raised his claim of ineffective assistance of counsel for failure to file a notice of appeal in the Ohio Supreme Court. Mr. Carnail, however, did not raise this claim in the appellate court. "It is an established rule of long-standing that a criminal constitutional question cannot be raised in the Supreme Court unless it is presented and urged in the court below." State v. Williams, 51 Ohio St.2d 112, 117 (1977). Thus, Mr.

Carnail has procedurally defaulted this claim because he failed to properly present it to the highest state court.

Regardless, Mr. Carnail claims the default should be set aside. (Obj. To R&R pp. 2-3.) When a petitioner:

> has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991). Mr. Carnail claims that he has demonstrated both cause and prejudice. According to Mr. Carnail, he failed to properly file the claim because he is an inexperienced, *pro se* petitioner. (Obj. to R&R p. 2.) This, however, is not a sufficient demonstration of cause or prejudice. In LaFlamme v. Hubbard, 2000 U.S. App. LEXIS 14070 (9th Cir. 2000), the court determined the petitioner did not show cause because he offered "no better an explanation for the delay than that he was unassisted by counsel during that period." Id. at 14. Likewise, the mere fact that Mr. Carnail was unassisted by counsel does not satisfy the cause requirement. Mr. Carnail also asserts that failure to consider this claim will result in a fundamental miscarriage of justice, because "[his] rights were greatly violated." (Obj to R&R p. 2.) However, "the miscarriage of justice exception is concerned with actual as compared to legal innocence..." Sawyer v. Whitley, 505 U.S. 333, 339 (1992). In his objection, Mr. Carnail solely alleges, "petitioner's rights were greatly violated;" he makes no mention of innocence. As such, this Court agrees with the magistrate judge's

recommendation; Carnail's ground for relief regarding ineffective assistance of counsel should be dismissed as procedurally defaulted for failure to file a direct appeal.

**C) Mr. Carnail's seventh ground for relief – ineffective assistance of counsel – is moot because the underlying issue is addressed in claims four, five, and six.**

Respondent asserts this Court lacks jurisdiction as to ground seven because "this federal court may not determine if the Court of Appeals 'abused its discretion' in reaching its decision." (Return, at 21). However, Respondent is mistaken. District Courts have jurisdiction to review a claim when the abuse of discretion results in a violation of the petitioner's constitutional rights. Sinistaj v. Burt, 66 F.3d 804, 808 (6th Cir. 1995).

In determining whether a federal court has jurisdiction over a petitioner's claim that the state courts abused their discretion, the federal court will examine the underlying issue to construe a constitutional claim. Id. The underlying claim in Mr. Carnail's seventh ground for relief is ineffective assistance of counsel for failure to investigate and counsel's tactics in allegedly coercing Mr. Carnail into accepting the guilty plea. Mr. Carnail raises these claims in grounds four, five and six, and this Court addresses the merits of these claims below; thus, there is no reason to construe the underlying claims as a separate constitutional claim. Therefore, Mr. Carnail's seventh ground for relief is moot. (R&R p.11)

This Court has jurisdiction as to Mr. Carnail's first six grounds for relief, but for reasons mentioned above, Mr. Carnail's seventh ground for relief will be dismissed as

7

moot.  Accordingly, Mr. Carnail's sixth objection to the Magistrate Judge's R&R, arguing for a capacious reading of his pleading is, likewise, rendered moot.

**II.     Mr. Carnail's claims regarding: the voluntariness of his guilty plea, ineffective assistance of counsel, and whether his counsel coerced him into accepting a guilty plea are insufficient on the merits.**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  Williams v. Taylor, 529 U.S. 362, 379-90 (2000); Miller v. Francis, 269 F.3d 609, 613-14 (6th Cir. 2001).  Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  Harris v. Stovall, 212 F.3d 940, 943-44 (6th Cir. 2000).

"A determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).  The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." Id.  This Court will consider Mr. Carnail's "remaining claims under the deferential standard of review

accorded the state court's determination of a prisoners constitutional claims." (R&R p. 17.)

**A) Mr. Carnail voluntarily, knowingly, and intelligently accepted the plea agreement classifying him as a sexual predator.**

In Mr. Carnail's second objection to the Magistrate Judge's R&R, he asserts that the plea agreement classifying him as a sexual predator was not made knowingly or voluntarily because he was not fully informed of the consequences of being classified as a sexual predator. (Obj. to R&R p. 3.) A guilty plea must not only be made voluntarily, but it must also be a "knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). The burden of showing the plea was voluntary and intelligent is on the government. "The state generally satisfies its burden by producing a transcript of the state court proceeding." Garcia v. Johnson, 991 F.2d 324, 326-27 (6th Cir. 1993).

As the record indicates, at the sentencing hearing, the Trial Judge informed Mr. Carnail of the consequences of agreeing to the sexual predator classification. (Transcript, Return, Exh. 51, p. 89-94, R&R p. 20.) This satisfies the state's burden and verifies that Carnail was fully informed of the consequences of including the sexual predator classification in his plea. Therefore, his acceptance of the classification in his plea was voluntary, knowing and intelligent.

**B) Mr. Carnail's confessional statements were admissible; thus, his fourth and fifth grounds, in regard to ineffective assistance of counsel for failing to investigate and produce witnesses, are without merit.**

In his third and fourth objections to the Magistrate Judge's R&R, Mr. Carnail claims his counsel was ineffective for failing to adequately investigate the charges and

9

produce witnesses. (Obj. to R&R p. 4.) A claim for ineffective assistance of counsel has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction....resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. at 687 (1984); *see also* Groseclose, 130 F.3d at 1167. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness," as judged by "prevailing professional norms." Strickland, 466 U.S. 687-88. Scrutiny of counsel's performance is highly deferential to avoid second-guessing an adverse decision. Id. at 689. The petitioner "must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.'" Id.

As the Magistrate Judge properly observed, the conviction rate when a defendant confesses is extremely high. (R&R pp. 23.) Mr. Carnail's confessional statements were admissible in court; as such, it was reasonable for counsel to limit the investigation in this instance. Thus, Carnail's attorney did not render ineffective assistance of counsel by failing to conduct further investigation prior to the plea.

Additionally, Mr. Carnail's counsel did not provide ineffective assistance of counsel for failing to produce witnesses. This matter never proceeded to trial or

hearing; accordingly, Mr. Carnail's attorney did not have an opportunity to present witnesses. Moreover, Ohio mandates a term of imprisonment of life with a possibility of parole after ten years for the rape of a minor under the age of 13. See Ohio Rev. Code §§ 2907.02(B) and 2967.13(A)(5). Thus, production of witnesses at a sentencing hearing could not have affected the Judge's sentence. As such, Mr. Carnail's attorney did not render ineffective assistance of counsel for failure to produce witnesses.

**C) Due to Mr. Carnail's confessional statements and the sentence reduction, this Court finds that Mr. Carnail was not coerced by his trial counsel to accept a guilty plea.**

Lastly, Mr. Carnail states he was denied due process because counsel coerced Mr. Carnail into accepting a guilty plea. (Obj. to R&R p. 5.) Mr. Carnail claims, he accepted the plea under coercion because counsel informed him of the worst possible outcome. However, providing the petitioner with relevant information is neither coercion nor ineffective assistance of counsel. "In fact, counsel for defendant might well have been remiss had he not informed [the defendant] of the maximum sentence possible..." Baker v. United States, 781 F.2d 85, 91 (6th Cir. 1986). In addition, "a defendant must be bound to the answers he provides during a plea colloquy." Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999). As the Magistrate Judge reasoned in the R&R, "Carnail told the judge during the plea colloquy that his plea was not induced by any threats. Carnail cannot now claim that he was, in fact, induced to plead guilty by his attorney's threats." (R&R p. 25.) Moreover, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable..." Strickland, 466 U.S. at 690. Mr. Carnail fails to overcome the presumption of effective counsel because counsel's actions under the circumstances admit of sound strategy. "The high

11

rate of conviction when a defendant's confession is admitted as evidence makes an attorney's advice to accept a significant reduction in return for pleading guilty sound strategy." (R&R p. 25.) The Court thus concludes Mr. Carnail was not coerced by his counsel to accept a guilty plea.

For the foregoing reasons, this Court adopts the Magistrate Judge's R&R and Mr. Carnail's petition is dismissed.

IT IS SO ORDERED.

Date: 30 June 2006 /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE