IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------   :
E'YEN CARNAIL,                                        : CASE NO. 1:02 CV 1411
                                                      :
                     Petitioner,                      :
                                                      : OPINION AND ORDER GRANTING
          -vs-                                        : PETITIONER'S APPLICATION TO
                                                      : PROCEED IN FORMA PAUPERIS AND
                                                      : DECLINING TO ISSUE A
STUART HUDSON, WARDEN,                                : CERTIFICATE OF APPEALABILITY
                                                      :
                     Respondent.                      :
---------------------------------------------------   :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Petitioner E'Yen Carnail ("Mr. Carnail" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). United States Magistrate Judge Patricia A. Hemann submitted a Report and Recommendation ("R&R") proposing denial of the petition, in that all grounds asserted were both procedurally defaulted and lacked merit. (Docket No. 14). This Court issued an Opinion and Order reviewing the grounds presented in the R&R for denying Mr. Carnail's petition, reviewing Mr. Carnail's objections (Docket No. 17), adopting the R&R, and dismissing the habeas petition. (Docket No. 18). Petitioner has now filed a Notice of Appeal and seeks a certificate of appealability ("COA"), (Docket No. 21) and requests leave to proceed in forma pauperis. (Docket No. 21-2). See Castro v. United States, 310 F.3d 900, 901-02 (6th Cir. 2002).

An appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997). A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. In re Certificates of Appealability, 106 F.3d at 1307.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio. 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467. Consequently, this Court examines petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's

dismissal of Mr. Carnail's habeas petition was debatable or wrong. Thus, the Court will deny Mr. Carnail a certificate of appealability.

Mr. Carnail raised seven grounds for relief in his habeas petition. The amended R&R recounts each ground and the supporting facts enunciated in Mr. Carnail's petition. (Docket No. 14, pp. 1-9). After reviewing de novo Mr. Carnail's objections to the R&R this Court adopted the R&R and dismissed the habeas petition. Mr. Carnail's petition for a Certificate of Appealability centers on his classification as a sexual predator and ineffective assistance of counsel in advising the petitioner in his plea agreement and in failure to prepare for trial. (Docket No. 21).

Each of these grounds was addressed by the Magistrate Judge's R&R and by this Court's Order following a review of Mr. Carnail's objections. The Court found Mr. Carnail's claims either procedurally defaulted or insufficient on the merits. In addition, with regard to the second ground for relief, that Mr. Carnail was improperly classified as a sexual predator, the Court found that such classification does not satisfy the "in custody" requirement of a habeas petition. See Thomas v. Morgan, 109 F.Supp. 2d 763, 767 (N.D. Ohio 2000). The Court did, nevertheless, consider the claim within its jurisdiction as it pertained to the voluntariness of his plea agreement. In rejecting the second ground of Mr. Carnail's petition on the merits, the Court reviewed the record and found Mr. Carnail made a fully informed plea in which the sexual predator classification was discussed.

Mr. Carnail also seeks to appeal the third, fourth, fifth, and sixth grounds for habeas relief. Each of these grounds rests upon a claim of ineffective assistance of counsel. The Court addressed each of these grounds specifically in adopting the R&R

3

recommendation to deny Mr. Carnail's habeas petition. The Court specifically found no ineffective assistance of counsel in the classification of the petitioner as a sexual predator (Ground Three), in counsel's trial preparation (Ground Four), in the production of witnesses (Ground Five), or in the voluntariness of his plea agreement (Ground Six). The Court found Mr. Carnail's confessional statements were admissible in court and thus created reason for counsel to limit the investigation. As the matter never proceeded to trial or hearing, the Court also found no ineffective assistance of counsel in counsel's decision not to produce witnesses. Finally, the Court found that during the plea colloquy Mr. Carnail expressed to the judge that his plea was not induced by any threats or coercion. On all grounds asserted, Mr. Carnail failed to overcome the presumption of effective assistance of counsel. Upon review of the petitioner's COA with regard to his ineffective assistance of counsel claims for habeas relief, this Court determines that Mr. Carnail has not demonstrated that reasonable jurists would find this Court's assessment of the claim debatable or wrong. Slack v. McDaniel, 529 U.S. 483, 484 (2000).

In sum, the Court finds that jurists of reason would not find the Court's assessment of petitioner's claims for habeas corpus relief to be debatable or wrong. Slack v. McDaniel, 529 U.S. 483, 484 (2000). Therefore, Mr. Carnail has failed to show that he is entitled to a certificate of appealability. Accordingly, the court declines to issue a certificate of appealability.

Petitioner's application to proceed in forma pauperis, however, will be granted. (Docket No. 21-2). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is

in good faith." United States v. Cahill-Masching, 2002 WL 15701, * 3 (N.D.Ill. Jan. 4, 2002).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir.2000).  Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith.

Accordingly, the Court declines to issue a certificate of appealability and further grants the petitioner's application to proceed on appeal without prepayment of fees and costs.

       IT IS SO ORDERED.

       /s/Lesley Wells
       UNITED STATES DISTRICT JUDGE

Dated: 19 December 2006